# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **WILLIAM THOMPSON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CV00109 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | By:  James P. Jones |
| **GAME AND INLAND FISHERIES,** | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

The defendant Virginia Department of Game and Inland Fisheries ("VDGIF") and certain other state officials have moved to dismiss this pro se action.  For the reasons stated hereafter, I will deny the motion.

William Thompson, proceeding pro se, claims that he was discriminated against on the basis of a disability because of the failure of VDGIF to allow him to use an electric scooter on pedestrian access areas.  He also claims that he was retaliated against, in violation of law, because of complaints that he made against VDGIF.

The Motion to Dismiss asserts that this court does not have personal jurisdiction over certain individual defendants, because they have not been served with process.  While it is uncertain whether the plaintiff actually intends to sue any individual, the fact that any such persons have not yet been served with process is no

reason to dismiss them at this point. *See* Fed. R. Civ. P. 4(m) (fixing time limit for service of process at 120 days after filing of complaint). The Motion to Dismiss also argues that this court has no subject matter jurisdiction because an earlier pro se suit brought by the plaintiff and dismissed by this court is now on appeal. However, there is no indication in this record that the present case involves any cause of action asserted in the prior suit.

Finally, the Motion to Dismiss contends that the pro se action fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

It is not necessary to set forth a particular legal theory, but rather a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also* Charles Alan Wright, *Law of Federal Courts* § 68 (5th ed. 1994). The court is obligated to construe the

- 2 -

complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Where the plaintiff is proceeding without a lawyer, the court has an even higher obligation to construe the complaint liberally. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Giving due consideration to these principles, I find that the plaintiff's pro se Complaint is not subject to dismissal under Rule 12(b)(6).

It is accordingly **ORDERED** that the Motion to Dismiss is DENIED.

ENTER: January 19, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 3 -